ERVIN, J.
Appellant, James Noone, appeals from an order of the Public Employees Relations Commission, contending that PERC erred in dismissing his career-service appeal as a sanction for failure to appear at his scheduled evidentiary hearing, that the policy of dismissal for failure to appear as stated in PERC’s notice of hearing should have been promulgated by rule, and that PERC abused its discretion by dismissing the appeal for failure to appear. We conclude that PERC prematurely dismissed Noone’s appeal, and reverse and remand for an evidentiary hearing.
*482 Noone was dismissed from his job with the Department of Corrections and filed an appeal with PERC, which served a notice on counsel for each party setting the case for hearing. Noone’s attorney appeared at the hearing, but Noone did not, although counsel announced she had mailed the notice to him. After the hearing officer waited an hour for Noone, and his attorney stated that she would not proceed without her client because he was her only witness, the hearing officer recommended that PERC dismiss the appeal.
Noone excepted, stating that he did not receive the notice:
The Employee has advised counsel that he was unaware that the hearing was scheduled to take place on November 17, 1998. Therefore, the Employee respectfully seeks an Order from this Commission rescheduling the evidentia-ry hearing in this case because he did not receive his copy of the notice of hearing.
PERC rejected Noone’s exceptions and affirmed the dismissal, concluding that employees are bound by the knowledge of, and are responsible for staying in contact with, their attorneys. Although PERC will afford a new hearing to an employee who has failed to appear at a hearing due to circumstances beyond his or her control, PERC concluded that Noone’s failure to appear was not the result of circumstance beyond his control.
In Bush v. Department of Corrections, 8 F.C.S.R. ¶ 184 (1993), and Patterson v. Department of Corrections, 8 F.C.S.R. ¶ 148 (1993), PERC affirmed the dismissal of career-service appeals when the employees’ attorneys appeared at their scheduled hearings, but the employees did not, claiming they did not receive the notice. In each case, PERC stated: “It is axiomatic that employees and their designated representatives have a duty to remain in contact with each other,” and that an employee’s unexplained' failure to remain in contact with his or her attorney or designated representative does not constitute a circumstance beyond his or her control. Bush, 8 F.C.S.R. at 640; Patterson, 8 F.C.S.R. at 480.
We conclude, however, that Noone’s exception did not provide sufficient information from which PERC could conclude that Noone was at fault for failing to keep in contact with his attorney. Noone should be given such opportunity at an evidentia-ry hearing before the hearing officer.
The statement in PERC’s notice of hearing, which warns that an employee who fails to appear is subject to a recommended order of dismissal, would be at issue in a case where neither the employee nor his or her counsel (or qualified representative) appeared. Noone did appear through his attorney, who chose not to go forward with the appeal because she had no evidence to present. Hence, we do not reach the issue of whether the statement needed to be promulgated by rule.
REVERSED and REMANDED.
LAWRENCE and PADOVANO, JJ., CONCUR.